# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN DAVID RODRIGUES,

       ***Pro Se*** **Plaintiff,**

v.                              **CIVIL ACTION NO. 1:11CV61**
                                        **(Judge Keeley)**

COMMISSIONER OF SOCIAL SECURITY,

       **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION/OPINION

       Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on April 22, 2011, the Court referred this Social Security action to United States Magistrate Judge John S. Kaull with directions to submit proposed findings of fact and a recommendation for disposition.

       On June 14, 2011, Magistrate Judge Kaull filed his Report and Recommendation ("R&R"), and, in accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 6(e), directed the parties, to file any written objections with the Clerk of Court within fourteen (14) days after being served with a copy of the R&R. He further directed the parties that failure to file objections would result in a waiver of the right to appeal from the judgment of this Court. The parties did not file any objections.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Upon consideration of Magistrate Judge Kaull's recommendation and having received no written objections,[1] the Court accepts and approves Magistrate Judge Kaull's R&R in whole and **ORDERS** that this civil action be disposed of in accordance with the recommendation of the Magistrate. Accordingly, pursuant to 28 U.S.C. § 1914(a), this civil action is **DISMISSED WITHOUT PREJUDICE** and **RETIRED** from the docket of this Court.

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record and to the <u>pro se</u> plaintiff, certified mail, return receipt requested.

DATED: July 19, 2011.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1]     The failure of the plaintiff to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. <u>See</u> <u>Wells v. Shriners Hospital</u>, 109 F.3d 198, 199-200 (4th Cir. 1997); <u>Thomas v. Arn</u>,474 U.S. 140,148-153 (1985).